AO 247 (02/08) Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 97-81173-03 |
| AARON LORENZO WASHINGTON ) | USM No: 23909-039 |
| ) | Rafael Villarruel |
| Date of Previous Judgment: 07/12/1999 ) | Defendant's Attorney |
| (Use Date of Last Amended Judgment if Applicable) | |

FILED FEB 27 2008 CLERK'S OFFICE U.S. DISTRICT COURT EASTERN MICHIGAN

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
☐ DENIED. ☑ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of __151__ months is reduced to __149 months + 15 days.__

## I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)
Previous Offense Level: 31  Amended Offense Level: 29
Criminal History Category: IV  Criminal History Category: IV
Previous Guideline Range: 151 to 188 months  Amended Guideline Range: 121 to 151 months

## II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☑ Other (explain):
Sentence is reduced to 149 months and 15 days, with all other conditions remaining the same.

FILED FEB 27 2008 CLERK'S OFFICE DETROIT

## III. ADDITIONAL COMMENTS
see attached opinion and order.

Except as provided above, all provisions of the judgment dated __07/14/1999__ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 02/27/2008

Effective Date: 03/03/2008
(if different from order date)

*Nancy Edmunds*
Judge's signature

Nancy G. Edmunds, U.S. District Judge
Printed name and title

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AARON LORENZO WASHINGTON,

        Defendant.
_____/

Case No. 97-81173
Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3852(C) [932]**

Relying on the Sixth Circuit's opinion in *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), the government asserts that, because Mr. Washington's Plea Agreement was of the type authorized by Fed.R.Crim.P. 11(c)(1)(c), he is precluded from a sentence reduction pursuant to 18 U.S.C. § 3582(c). However, an analysis of the reasoning in *Peveler* and of the Rule 11 Plea Agreement in this case supports the authority if the Court to grant his Motion.

*Peveler* involved a defendant who sought a reduction of his sentence after the Sentencing Commission amended the guidelines concerning the application of a 2 level adjustment for possession of a firearm in connection with a drug trafficking offense. Peveler was originally sentenced in 1993 pursuant to a plea agreement which included that 2 level adjustment along with a consecutive sentence for violating 18 U.S.C. § 924(c). In 2001 Peveler sought a reduction of his sentence under 18 U.S.C. § 3552(c) based upon

1

the Sentencing Commissions November 2000 amendment to the guidelines for 18 U.S.C. 924(c) violations stating that the 2 level adjustment should not be applied where a consecutive sentence is imposed for a violation of 18 U.S.C. § 924(c).

The Sixth Circuit looked at the plea agreement in that case and concluded that Peveler was not entitled to §3582(c) relief because he pleaded guilty pursuant to an agreement under Federal Rule of Criminal Procedure 11(e)(1)(c).[1] Peveler's plea agreement consisted of an agreed upon offense level and a procedure whereby the court would determine Peveler's Criminal History Category and the Government would make a binding recommendation to the low end of the resulting guideline range. At sentencing, the district court imposed a 181 month sentence, the bottom of the sentencing guideline range.

After the Sentencing Commission amended the Guidelines to make clear that the two-level adjustment for possession of a firearm should not apply where a defendant is sentenced to a consecutive sentence under 18 U.S.C. § 924(c), Preveler moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c). The district court denied the motion finding that a two-level reduction was not warranted on the facts of the case. On appeal the Sixth Circuit affirmed the district court but for legal reasons. The Court concluded that because Peveler's plea agreement was to a specific sentence under Rule 11(e)(1)(c), that Rule

---

[1] Fed. R. Crim. P 11 was amended in 2002. The former Rule 11(e)(1)(c) is now Rule 11(c)(1)(c). That subsection provides that, in exchange for a defendant's guilty plea, the government may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

2

precludes the district court from altering the parties agreed sentence under 18 U.S.C. § 3582(c). In doing so, the Court looked to two cases from other circuits: *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996) and *United States v. Hemminger*, 114 F.3d 1192, 1997 WL 235835 (7th Cir. May 2, 1997) (unpublished). Both of those cases held that retroactive amendments to the sentencing guidelines do not provide a basis to modify a sentence imposed under a Rule 11(c)(1)(c) plea agreement where the sentence agreement was to a specific sentence. In both *Trujeque* and *Hemminger* the courts concluded that the sentences involved were not based upon the sentencing guidelines but rather the agreement of the parties that a particular sentence was appropriate. As the plea agreements in those cases did not authorize any sentence other than the one imposed, § 3582(c) relief could not be granted without disturbing the agreement of the parties and violating Rule 11(c)(1)(c). However, Mr. Washington's case is distinguishable from *Peveler*, *Trujeque* and *Hemminger*.

*Trujeque* involved a stipulated sentence to a specific sentence of 84 months that was not tied in any way to his sentencing guideline range (which was found by the district court to be 27 to 33 months). *Hemminger* involved a plea agreement with a specific sentence of 126 months also without regard to the United States Sentencing Guideline calculations. *Peveler* involved a plea agreement with a floor. The floor was a floating floor based on what the Court found to be the applicable guidelines, but it nonetheless was an agreement to a specific sentence: the low end of the guidelines.

In this case, the sentencing guidelines were contemplated by the parties. The Rule 11(c)(1)(c) plea agreement allowed for the court to determine the appropriate range; the

3

parties then agreed to set the Rule 11 sentence cap within the contemplated range. The contemplated sentencing guideline range as put forth in the Rule 11 worksheets was 140 to 175 months. The mandatory minimum by statute was 120 months. The relevant portions of the Plea Agreement in this case are as follows:

> 2. SENTENCE
> The parties acknowledge that the court will determine the applicable sentencing factors at sentencing and that the court's determination will affect the sentence range under the sentencing guidelines.
>
> c. Sentence Agreement
> Pursuant to Rule 11(e)(1)(c) of the Federal Rules of Criminal Procedure, the parties agree that any sentence of incarceration shall not exceed 156 months on count twenty.

Thus in this case, the Plea Agreement clearly states that the sentence will be imposed pursuant to the Court's determination of the appropriate sentence guideline range and only that the sentence may not exceed 156 months. There was therefore, no specific sentence. There was a ceiling but no floor other than the mandatory minimum of 120 months. Hence, the Court could have sentenced Mr. Washington to a sentence below the guideline range or within the guideline range contemplated by the parties. Unlike *Peveler*, *Trujeque* and *Hemminger*, the relief sought by Mr. Washington now is authorized under the terms of the Plea Agreement which allow the Court to sentence Mr. Washington to a range between 120 months (the mandatory minimum) and 156 months. Mr. Washington does not currently seek a sentence less than 120 months. As such, Mr. Washington is not seeking relief beyond what he bargained for.

For these reasons and because the sentence in this case was imposed pursuant to the guidelines, 18 U.S.C. § 3582(c) relief is appropriate.

4

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: February 27, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 27, 2008, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer
          Case Manager